UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 1925 HOOPER LLC; ROBERT J. ARKO; and ANDREW M. MOORE; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS; *et al.*,<br><br>Defendants. | Case No.: 1:23-cv-05392-MHC<br><br>Hon. Mark H. Cohen |

## GIBSON PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH WEICHERT AND EXP

Don Gibson, Laura Criss, John Meiners, and Daniel Umpa ("*Gibson* Plaintiffs") respectfully request leave to file a Surreply and Declaration in Opposition to Plaintiffs' Motion for Preliminary Approval of Settlements with eXp and Weichert and Preliminary Certification of Settlement Class (ECF No. 136), a copy of which is attached hereto as Exhibit A.

This Court "has discretion to permit the filing of a surreply[.]" *Georgia Advocacy Off. v. Labat*, No. 1:19-cv-1634, 2021 WL 12102897, at *1 (N.D. Ga. June 22, 2021) (internal quotation marks omitted). Surreplies have typically been permitted "where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion

1

under review." *Atlanta Fiberglass USA, LLC v. KPI, Co., Ltd.*, 911 F. Supp. 2d 1247, 1262 (N.D. Ga. 2012). This Court has also granted motions for leave to file a surreply where the surreply is necessary to address "factual and legal misstatements" made in a reply brief. *See St. James Entm't LLC v. Dash Crofts*, No. 1:09-cv-1975, 2010 WL 2802616, at *1 (N.D. Ga. July 13, 2010); *accord Phuc Quang Le v. Humphrey*, No. 1:10-cv-00408, 2014 WL 12732019, at *3 (N.D. Ga. Feb. 26, 2014) (permitting surreply to address "misstatements of law and fact and asserted new arguments premised on the misstatements").

*Gibson* Plaintiffs' concise, four-page Surreply is warranted here to address specific factual misstatements in Plaintiffs' Reply in Support of their Motion (ECF No. 169) and new arguments premised on these inaccuracies.

Plaintiffs argue for the first time in their Reply that their consideration of transaction volume is consistent with the approach *Gibson* Plaintiffs took because *Gibson* Plaintiffs' counsel told Plaintiffs' counsel that "four-year transaction volume . . . was the most critical factor in determining the fairness and reasonableness of any settlement in these actions[.]" Reply Br. at 10. *Gibson* Plaintiffs' counsel never made such a statement, and Plaintiffs' counsel provide no support for this claim. *Gibson* Plaintiffs would be unduly prejudiced if they are not afforded an opportunity to respond to this misstatement of a material fact.

2

The Surreply also addresses Plaintiffs' counsel's allegations raised in their Reply that *Gibson* Plaintiffs' counsel attempted to "exact a tribute" from them. Reply Br. at 6. These allegations mischaracterize—indeed, turn on their head—the communications *Gibson* Plaintiffs' counsel had with Plaintiffs' counsel and critically omit the fact that Plaintiffs' counsel initiated the outreach because they were interested in whether *Gibson* Plaintiffs' counsel would agree to give them work in a potential MDL. *Gibson* Plaintiffs' counsel believe it would be helpful for this Court in deciding the issues at hand to have a full picture of the communications between *Gibson* Plaintiffs' counsel and Plaintiffs' counsel.

Lastly, the limited Surreply seeks to inform the Court of information that implicates the Motion under review, which was recently obtained in *Gibson* Plaintiffs' counsel's Rule 30(b)(6) deposition of Weichert's General Counsel taken on March 5, 2025, after *Gibson* Plaintiffs' Opposition Brief was filed (ECF No. 153).

For the foregoing reasons, *Gibson* Plaintiffs respectfully request that the Court grant this Motion and permit them to file the attached Surreply and Declaration of Brandon J.B. Boulware.

Dated: March 31, 2025                    Respectfully submitted by:

/s/ *Robert A. Braun*
Robert A. Braun (*pro hac vice*)
rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Telephone: (708) 628-4949

Joseph A. Kaiser (Georgia Bar No. 323435)
GROTH MAKARENKO KAISER & EIDEX LLC
One Sugarloaf Centre
1960 Satellite Blvd Suite 2000
Duluth, GA 30097
Telephone: (770) 904-3590
jk@gmke.law

Rio S. Pierce (*pro hac vice*)
riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Brandon J.B. Boulware (*pro hac vice*)
BOULWARE LAW LLC
1600 Genessee, Suite 416
Kansas City, MO 64102
Tele:  (816) 492-2826
Fax:   (816) 492-2826
brandon@boulware-law.com

Eric L. Dirks (*pro hac vice*)
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
Tele:  (816) 945-7110
Fax:   (816) 945-7118

dirks@williamsdirks.com

Marc M. Seltzer (*pro hac vice*)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

***Attorneys for Gibson Plaintiffs***

## LOCAL RULE 5.1(C) CERTIFICATTION

The undersigned attorney of record hereby certifies that the text of this submission has been prepared in Times New Roman typeface, 14-point, consistent with this Court's requirements in Local Rule 5.1(C).

DATED: March 31, 2025                 /s/   Robert A. Braun

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on March 31, 2025, a true and correct copy of the foregoing was filed electronically by the Court's CM/ECF system, which caused notice and a copy of this filing to be sent to all counsel of record.

DATED: March 31, 2025                 /s/ Robert A. Braun