IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 1925 HOOPER LLC; ROBERT J. ARKO; and ANDREW M. MOORE; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS; et al.,<br>Defendants. | Case No. 1:23-cv-05392-MHC |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS**

This litigation arises out of a class action brought by Plaintiffs[1] alleging a nationwide conspiracy to inflate broker compensation. Plaintiffs and Settling Defendants have negotiated settlements to resolve all claims. The terms of the settlements are set out in the Settlement Agreements [Docs. 136-2, 136-3, 135-4, and 136-5].

---

[1] For purposes of this Order, the Court adopts the defined terms as set forth in the Preliminary Approval Motion, defined herein.

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Settlements with Defendants Higher Tech Realty, LLC, d/b/a Mark Spain Real Estate, eXp World Holdings, Inc., Weichert of North America, Inc., and Atlanta Communities Real Estate Brokerage, LLC, and Preliminary Certification of Settlement Class and Incorporated Memorandum of Law (the "Preliminary Approval Motion") in the above-captioned case (the "Action") [Doc. 136], Weichert of North America, Inc.'s Motion for Joinder in Plaintiffs' Motion for Preliminary Approval [Doc. 142], and Defendant eXp World Holdings, Inc.'s Motion for Joinder in Plaintiffs' Motion for Preliminary Approval [Doc. 147].

The Court has considered the Preliminary Approval Motion, the Joinder Motions, and the proposed Settlement Agreements. The Court finds that it has jurisdiction over the action, Plaintiffs, and the Settling Defendants for purposes of settlement and asserted jurisdiction over the Class Representatives for purposes of considering and effectuating the Settlement Agreements.

Based upon this Court's consideration of all the submissions related to the Motion for Preliminary Approval, the Court has determined the proposed Settlement Agreements satisfy the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved. Consequently, it is hereby **ORDERED** as follows:

## Provisional Certification of the Proposed Settlement Class and Appointment of Class Representatives and Class Counsel

1. For purposes of the Settlement Agreements only and conditioned upon the Settlement Agreements receiving final approval following a fairness hearing, the Court provisionally certifies a nationwide Settlement Class including all persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home between October 31, 2019, and date of Class Notice.

2. The Court preliminarily finds that it will likely be able to approve, under Rule 23(e)(2), the proposed nationwide Settlement Class, as defined above.

3. The Court furthermore preliminarily finds that, for settlement purposes: (a) the proposed Settlement Class meets the numerosity requirement of Rule 23(a)(1); (b) the proposed Settlement Class meets the commonality and predominance requirements of Rule 23(a)(2) and (b)(3); (c) the claims of the proposed Settlement Class Representatives are typical of the claims of the Class under Rule 23(a)(3), and that they have and will fairly and adequately represent the interests of the Class under Rule 23(a)(4); and (d) a class action is superior to other available methods for the fair and efficient adjudication

of the controversy as it relates to the proposed Settlement under Rule 23(b)(3).

4. The Court preliminarily finds that the proposed Settlement Class Representatives will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(e)(2)(a) and, therefore, designates as Settlement Class Representatives Plaintiffs 1925 Hooper, LLC, Robert J. Arko, and Andrew M. Moore.

5. The Court preliminarily finds that proposed Settlement Class Counsel will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(g)(1) and (4), and, therefore, hereby appoints Knight Palmer LLC and Kabat Chapman & Ozmer LLP as Class Counsel under Rule 23(g)(3).

## Preliminary Approval of the Proposed Settlements

6. The proposed Settlement Agreements appear to be the product of intensive, thorough, serious, informed, and non-collusive negotiations, including, but not limited to, mediations overseen by (a) the Honorable Randy Rich (Ret.) of Henning Mediation with respect to Weichert of North America, Inc. and (b) the Honorable Daniel Weinstein (Ret.) and Ambassador David Carden of JAMS with respect to eXp World Holdings, Inc.

7. Further, the proposed Settlement Agreements have no obvious deficiencies; do not improperly grant preferential treatment to the Class Representatives or segments of the Class; and appear to be fair, reasonable, and adequate, such that notice of the Settlement Agreements should be directed to the Class Members, and a final approval hearing should be set.

8. Accordingly, the Motion for Preliminary Approval is **GRANTED**.

## Administration

9. The Court hereby preliminarily designates Class Action Services of CPT Group, Inc. ("CPT") as the Settlement Administrator. The Settlement Administrator's fees will be paid in accordance with the Settlement Agreements.

## Notice to Class Members

10. The Court finds that the content, format, and method of disseminating the Notice Plan, as set forth in the Motion, the Declaration of the Settlement Administrator (Declaration of Julie Green Regarding the Proposed Notice Plan) [Doc. 136-11], and the Settlement Agreements, including email notice, text message notice, postcard notice, print advertising in Better Homes & Gardens magazine, a press release, digital advertising, and establishment of a website: (a) constitute the best notice practicable under the circumstances;

(b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed Settlement Agreements, and their rights under the proposed Settlement Agreements; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy all requirements provided in Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and all other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by the Settlement Class. The Court approves such notice, and hereby directs that such notice be disseminated, in the manner set forth in the Motion papers and Settlement Agreements, to Settlement Class Members under Rule 23(e)(1). This Court also approves the long form notice, the claim form, and the email notice in substantially the forms as are attached as Exhibits B to D to the Declaration of Julie Green Regarding the Proposed Notice Plan.

**Schedule and Procedures for Disseminating Notice, Filing Claims, Requesting Exclusion from the Class, Filing Objections to the Class Action Settlement, and Filing the Motion for Final Approval**

| Event | Deadline |
|---|---|
| Notice mailed to Class Members ("Notice Date") | 60 days after Court enters the Preliminary Approval Order |
| Settlement website available to Class Members | 60 days after Court enters the Preliminary Approval Order |
| Deadline to file Motion for Attorneys' Fees and Costs | 45 days after Court enters the Preliminary Approval Order |
| Deadline to Submit a Claim or Object to or Opt Out of Settlement | 60 days after Notice Date |
| Last day to file Motion for Final Approval of Settlement | 30 calendar days before the Final Approval Hearing |
| Final Approval Hearing | At least 140 days after entry of Preliminary Approval Order |

11. The Court adopts the above schedule, finding that it is similar to those used in other class action settlements and provides due process to Class Members.

12. The Settlement Administrator is directed to carry out the notice program in conformance with the Settlement Agreements and to perform all other tasks that the Settlement Agreements require.

13. The Court will rule upon Class Counsel's motion for an award of attorneys' fees and litigation costs and expenses at the fairness hearing.

14. Any Settlement Class Member who has not filed a timely and proper written Request to Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement(s) must file with the Court a statement of objection no later than sixty (60) days after the Notice Date. Each such statement of objection must be in writing and include (a) the Settlement Class Member's full name, current address, and telephone number; (b) the home sale transaction giving rise to standing to make an objection; (c) a statement that the objector has reviewed the Settlement Class definition, understands that he or she is a Settlement Class Member, and has not opted out and does not plan to opt out of the Settlement Class; (d) a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; (e) a statement of whether the Settlement Class Member intends to appear at the final approval hearing; (f) copies of any documents or identification of any witnesses that support the objection; and (g) a dated, handwritten signature. A Settlement Class Member who does not submit a timely and proper objection in accordance with this Settlement and Class Notice, and as otherwise ordered by the Court, will not be treated as having filed a valid objection to the settlements or any of them. The Class Notice will inform the Settlement Class of this requirement.

Settlement Class members may so object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her, the attorney must file a notice of appearance with the Clerk of the Court no later than fourteen (14) days before the fairness hearing.

15. Any Settlement Class member who timely files a proper written objection may appear at the fairness hearing in support of the objection, provided the Settlement Class Member or his/her attorney files a notice of intention to appear at the hearing no later than fourteen (14) days before the fairness hearing. A Settlement Class Member who appears at the fairness hearing will be permitted to argue only those matters that were set forth in a written objection filed by such Class Member. No Settlement Class Member will be permitted to raise matters at the fairness hearing that the Settlement Class Member could have raised in such a written objection, but failed to do so, and all objections to the Settlement Agreements that are not set forth in such written objection are deemed waived. Any Settlement Class Member who fails to comply with the applicable provisions of the Settlement Agreements and the Class Notice and as otherwise ordered by the Court will be barred from appearing at the fairness hearing. The parties may serve and file

responses to written objections at least fourteen (14) days prior to the fairness hearing, or as otherwise directed by the Court.

16. Any Settlement Class Member who fails to comply with the provisions of the preceding paragraphs of this Section will waive and forfeit any and all rights he or she may have to appear separately and/or object to the Settlement Agreements, and will be bound by all the terms of the Settlement Agreements and by all proceedings, orders, and judgments in this Action. A Settlement Class Member's objection to the Settlement Agreements will not affect his or her rights to participate in the Settlement Agreements relief.

17. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit to the Settlement Administrator a written Request to Opt Out by U.S. Mail and postmarked no later than 60 days from the Notice Date. The Request to Opt Out must be in writing and contain (a) the Person's name; (b) his or her current address and telephone number; (c) his or her relevant home sale transaction; (d) a dated, handwritten signature; and (e) a written statement that such Person has reviewed the Class Notice and wishes to be excluded from the settlements.

18. Anyone who does not complete and submit a valid Request to Opt Out in the manner and by the deadline specified above will automatically become a

10

Settlement Class Member and be bound by all the terms of the Settlement Agreements and by all proceedings, orders and judgments in this action.

## Final Approval Hearing

19. The Final Approval Hearing shall take place on October 28, 2025, at 10:00 AM in Courtroom 1905 at the United States District Court for the Northern District of Georgia, 1921 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309, before the Honorable Mark H. Cohen, to determine whether the proposed Settlement Agreements are fair, reasonable, and adequate, whether the Settlement Agreements should be finally approved by the Court, and whether the Released Claims should be dismissed with prejudice under the Settlement Agreements.

## Other Provisions

20. Class Counsel and Settling Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement Agreements, including the approved Notice Program.

21. The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class

Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Opt Outs and objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

22. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreements that are not materially inconsistent with the Preliminary Approval Order or the settlements, including making, without further approval of the Court, minor changes to the Settlement Agreements, to the form or content of the Class Notice, or to any other exhibits that the settling parties jointly agree are reasonable or necessary.

23. Pending the final determination of whether the Settlement Agreements should be approved, all discovery, pre-trial proceedings and briefing schedules are stayed, except such actions as may be necessary to implement the Settlement Agreements and this Order. If the Settlement Agreements are terminated or final approval does not for any reason occur, the stay will be immediately terminated.

If the Settlement Agreements are not finally approved by the Court for any reason, the Settlement Agreements and all proceedings in connection with the Settlement Agreements will be without prejudice to the right of the Settlement Class Representatives or the Defendants to assert any right or position that could have been asserted if the Settlement Agreements or Preliminary Approval Motion had never been reached or proposed to the Court. In such an event, the settling parties will return to the *status quo ante* in the action as of the Execution Date of each of the Settlement Agreements. Findings related to the certification of the Settlement Class for settlement purposes, or any briefing or material submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

### Continuing Jurisdiction

24. For the benefit of the Settlement Class Members and as provided in the Settlement Agreements, the Court shall maintain continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreements.

## Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the Plaintiffs' Motion for Preliminary Approval of Settlements with Defendants Higher Tech Realty, LLC d/b/a Mark Spain Real Estate, eXp World Holdings, Inc., Weichert of North America, Inc., and Atlanta Communities Real Estate Brokerage, LLC and Preliminary Certification of Settlement Class and Incorporated Memorandum of Law [Doc. 136] is **GRANTED**.

It is further **ORDERED** that Weichert of North America, Inc.'s Motion for Joinder in Plaintiffs' Motion for Preliminary Approval [Doc. 142] and Defendant eXp World Holdings, Inc.'s Motion for Joinder in Plaintiffs' Motion for Preliminary Approval [Doc. 147] are also **GRANTED**.

It is further **ORDERED** that the settling parties shall issue notice to the Class and establish the Settlement Website pursuant to the above directions within sixty (60) days of the date of this Order and file any motions for attorneys' fees and costs within forty-five (45) days of the date of this Order.

**IT IS SO ORDERED** this 23rd day of May, 2025.

_____
MARK H. COHEN
United States District Judge