IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 1925 HOOPER LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION<br>OF REALTORS, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:23-CV-5392-MHC |

## ORDER

This case comes before the Court on the Proposed Intervenors Don Gibson,

Laura Criss, John Meiners, and Daniel Umpa's Motion for Leave to File Under

Seal [Doc. 177].

## I.    LEGAL STANDARD

Although this Court permits "the sealing of documents that contain

information protected from disclosure by statute, personal information (such as

Social Security numbers), trade secrets, or sensitive security data," the filing of

documents under seal is generally disfavored as all documents filed with the Court

are presumptively public.  Standing Order Regarding Civil Litigation ("Standing

Order") [Doc. 53] at 13-14.  This is consistent with the United States Court of

Appeals for the Eleventh Circuit's position that court records are presumptively public: "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

The Eleventh Circuit Court of Appeals has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal punctuation omitted) (quoting Landmark Commc'ns, Inc. v. Va., 435 U.S. 829, 839 and Chi. Trib. Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)). "The common-law right of access includes the right to inspect and copy public records and documents." Chi. Trib. Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero, 480 F.3d at 1245. A substantive pretrial motion is "[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as

dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted).  The common-law right of access, however, is not absolute as it does not apply to all discovery materials.  Id. at 1245; see also Chi. Trib. Co., 263 F.3d at 1311.

A party seeking to have material sealed can overcome the common law right of access by a showing of good cause where there exists "a sound basis or legitimate need to take judicial action."  In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987).  Such good cause "is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury."  NXP B.V. v. Rsch. In Motion, Ltd., No. 6:12-CV-498-ORL-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013).  A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential."  Romero, 480 F.3d at 1246 (internal punctuation omitted) (quoting Chi. Trib. Co., 263 F.3d at 1309); see also FED. R. CIV. P. 26(c)(1)(G) (authorizing the trial court to issue a protective order upon a showing of good cause "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").  Essentially, good cause exists where "[a] party's privacy or

3

proprietary interest in information . . . overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chi. Trib. Co., 263 F.3d at 1311, 1315 (quoting Nixon, 435 U.S. at 603) (internal punctuation omitted). Factors for the Court's consideration in making such a determination include

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citation omitted).

## II.    DISCUSSION

In their motion to seal, the Proposed Intervenors seek to seal portions of a proposed Surreply in Opposition to Plaintiffs' Motion for Preliminary Approval of Settlements with Defendants Weichert of North America, Inc., and eXp World Holdings, Inc., along with four accompanying exhibits: Docket Numbers 176 and 176-1 through 176-4. The Proposed Intervenors seek to protect non-public

4

information about settlement communications between the parties. No party has filed any opposition to any of the motion to seal.

This Court finds that the parties' legitimate interests protecting non-public settlement agreements outweigh the public right of access to that information. See Chemence Med. Products, Inc. v. Medline Indus., Inc., No. 1:13-CV-500-TWT, 2015 WL 149984, at *5 (N.D. Ga. Jan. 12, 2015) (granting motions to seal, *inter alia*, exhibits with "terms of a confidential agreement," and "information regarding confidential business negotiations."); Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) ("Courts have found that a company's interest in the privacy of . . . the terms of confidential agreements . . . often outweigh the public right of access."). Further, the Court finds that the publicly available versions of the documents at issue represent the least onerous manner of protecting the information. See MEDAI, Inc., 2012 WL 2512007, at *2 ("[T]here is not a 'less onerous' alternative to sealing the documents that would ensure its contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits.")

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Proposed Intervenors Don Gibson, Laura Criss, John Meiners, and Daniel Umpa's Motion

for Leave to File Under Seal [Doc. 177] is **GRANTED**.  The Clerk is **DIRECTED**

to maintain Docket Numbers 176 and 176-1 through 176-4 under seal.

      **IT IS SO ORDERED** this 4th day of June, 2025.

 

_____

MARK H. COHEN
United States District Judge