## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF
## GEORGIA ATLANTA DIVISION

| | |
|---|---|
| 1925 HOOPER LLC; ROBERT J. ARKO; and ANDREW M. MOORE; on behalf of themselves and all others similarly situated, | Case No.: 1:23-cv-05392-MHC |
| Plaintiffs, | Hon. Mark H. Cohen |
| v. | |
| NATIONAL ASSOCIATION OF REALTORS; *et al.*, | |
| Defendants. | |

## DEFENDANT eXp WORLD HOLDINGS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION FOR LEAVE TO FILE UNDER SEAL</u>

Defendant eXp World Holdings, Inc. ("eXp") hereby respectfully moves, pursuant to Federal Rule of Civil Procedure 5.2(d) and Section II.J to Appendix H of this Court's Local Rules, that the Court enter an Order allowing eXp's provisionally-sealed documents pertaining to its joinder motion and related exhibits to be maintained permanently under seal.

## <u>GOVERNING LAW</u>

Material filed before the court, unrelated to discovery, is subject to the common law right of access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) (noting "modern trend in federal cases to treat pleadings in civil litigation(other than

discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment"). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (quotation and alteration omitted). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

District courts may seal information filed in the court record in civil litigation when that information constitutes competitive information, business plans, or business strategies amounting to trade secrets. *See, e.g., Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 425-26 (M.D.N.C. 2011). Information in the court record that may be shielded from public disclosure can include "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also*

2

*Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (collecting cases and pointing to "trade secrets, the identity of informers, and the privacy of children" as examples of compelling reasons for sealing portions of the court record). For documents that include both information that might harm legitimate privacy interests and information in which the public's interest in access outweighs privacy interests, "partial redaction of the document is an acceptable, less onerous alternative to sealing the entire document." *Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, No. CV 117-096, 2018 WL 797434, at *9 (S.D. Ga. Feb. 8, 2018).

In addition, courts may also seal confidential settlement communications. *Intelligent Payments, LLC v. 123 IT Support, Inc*., No. 1:14- CV-2634-LMM, 2018 U.S. Dist. LEXIS 132926, at *3 n.1 (N.D. Ga. Apr. 16, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 132930 (N.D. Ga. May 10, 2018); *see also Loc. Access, LLC v. Peerless Network, Inc*., No. 6:17-cv-236-WWB-EJK, 2023 U.S. Dist. LEXIS 196655, at *4–6 (M.D. Fla. Nov. 2, 2023) (finding good cause to seal settlement communications).

## **SEALED DOCUMENTS**

eXp requests permission to file the following documents under seal, with good cause for sealing the document discussed, consistent with the principles outlined above:

| Redacted Material | Description | Reason for Filing Under Seal |
|---|---|---|
| Corrected Joinder Memorandum Section I.A, Pages 6-7 | Sales volume information | This is non-public confidential business information, the dissemination of which would be harmful to eXp. |
| Corrected Joinder Memorandum Section II.A, Pages 16-20 | Settlement discussions | This description details the confidential settlement discussions between counsel for eXp and counsel for the *Gibson* and/or *Hooper* Plaintiffs. These discussions are subject to non-disclosure agreements and contain confidential business information the dissemination of which would be harmful to eXp. |
| Corrected Joinder Memorandum Sections II.B., Pages 20-23 | Settlement discussions | This description details the confidential settlement discussions between counsel for eXp and counsel for the *Gibson* and/or *Hooper* Plaintiffs. These discussions are subject to non-disclosure agreements and contain confidential business information the dissemination of which would be harmful to eXp. |
| Corrected Joinder Memorandum Section II.C., Pages 24-26, 28 | Settlement discussions | This description details the confidential settlement discussions between counsel for eXp and counsel for the *Gibson* and/or *Hooper* Plaintiffs. These discussions are subject to non-disclosure agreements and contain confidential business information the dissemination of which would be harmful to eXp. |
| Exhibit to Corrected Joinder Memorandum, (James Bramble | *Hooper* and *Gibson* settlement discussions | This description details the confidential settlement discussions between counsel for eXp and counsel for the *Gibson* and *Hooper* Plaintiffs. These |

| | | |
|---|---|---|
| Declaration), Paragraphs 3, 4, 5, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 & 35, and portions of each of Exhibits 1-20 thereto | | discussions are subject to non-disclosure agreements and contain confidential business information the dissemination of which would be harmful to eXp. |
| Exhibit to Corrected Joinder Memorandum, (Stephen Siegel Declaration), Paragraphs 4, 5, 6, 7, 8, 9, 10 11, 12, 13, 14 15, 16, 17, 18, 19, & 20 and Exhibits 1-6 thereto | *Hooper* and *Gibson* settlement discussions | This description details the confidential settlement discussions between counsel for eXp and counsel for the *Gibson* and *Hooper* Plaintiffs. These discussions are subject to non-disclosure agreements and contain confidential business information the dissemination of which would be harmful to eXp. |

These documents contain confidential, commercially-sensitive financial information. These documents reference protected information that eXp has designated as commercially-sensitive information that, if disclosed, is likely to harm eXp's business or competitive position. In addition, these documents contain confidential settlement communications that, if disclosed, may violate nondisclosure agreements and are likely to harm eXp's business or competitive position.

As a result, this Court should seal such information under the *Romero* factors, as allowing public access would harm legitimate privacy interests and likely injure eXp. Further, the information eXp seeks to seal does not concern public officials or public concerns, and thus eXp's private interest in keeping information confidential outweighs the public's interest in accessing the information. Finally, eXp has chosen to redact portions of documents instead of filing those documents under seal in their entirety. Thus, eXp has already pursued a less onerous alternative to fully sealing entire documents.

Accordingly, eXp requests that the provisionally sealed documents be maintained permanently under seal.

Respectfully submitted this 29th day of October, 2025.

*/s/ T. Chase Ogletree*
Henry R. Chalmers
(GA Bar No. 118715)
T. Chase Ogletree (GA
Bar No. 579860)
ARNALL GOLDEN GREGORY
LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
Phone: (404) 873-8646
henry.chalmers@agg.com
chase.ogletree@agg.com


Stephen J. Siegel (*Pro Hac Vice*)
Andrew D. Campbell (*Pro Hac Vice*)
Elizabeth C. Wolicki (*Pro Hac Vice*)
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza
Chicago, IL 60606
Phone: (312) 419-6900
ssiegel@atllp.com
acampbell@atllp.com
ewolicki@atllp.com


James A. Morsch (*Pro Hac Vice*)
Francis X. Riley (*Pro Hac Vice*)
SAUL EWING LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
(312) 876-7866
jim.morsch@saul.com
francis.riley@saul.com

***Counsel for Defendant eXp World
Holdings, Inc.***

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1(C).

This 29th day of October, 2025.

ARNALL GOLDEN GREGORY
LLP

*/s/ T. Chase Ogletree*
T. Chase Ogletree