IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| 1925 HOOPER LLC; ROBERT J. ARKO; and ANDREW M. MOORE; on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS; *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-05392-MHC<br><br>Hon. Mark H. Cohen |

**PLAINTIFFS' MOTION TO PRELIMINARILY APPROVE PLAN OF ALLOCATION FOR SETTLEMENTS WITH DEFENDANTS HIGHER TECH REALTY, LLC d/b/a MARK SPAIN REAL ESTATE, EXP WORLD HOLDINGS, INC., WEICHERT OF NORTH AMERICA, INC., AND ATLANTA COMMUNITIES REAL ESTATE BROKERAGE, LLC**

　　COME NOW, Plaintiffs 1925 Hooper, LLC, Robert J. Arko, and Andrew M. Moore and move for an Order Preliminarily Approving Plaintiffs' Plan of Allocation for the above-referenced settlements and setting a schedule for notice of that Plan to claimants and an opportunity for claimants to object to the Plan, respectfully showing the Cout the following:

　　Contemporaneous with this Motion, Plaintiffs also are submitting briefing requested by the Court on the issue of whether Plaintiffs may submit a plan of allocation following a hearing on the final approval of class settlements. As show in that briefing,

the law in the Eleventh Circuit and beyond expressly allows for and contemplates that the final approval of settlements is separate and distinct from the approval of a plan of allocation and that settling plaintiffs are permitted to submit a plan of allocation for the Court's approval following the final approval hearing. *See, e.g.*, 2 McLaughlin on Class Actions § 6:23 (21st ed. Oct. 2024 Update); *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, 587 F. Supp. 2d 1266, 1268, 1274–75 (N.D. Ga. 2008) (approving allocation plan after final approval of settlement); *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 253 (11th Cir. 2009) (rejecting argument that class notice was somehow defective for failing to include a preliminary plan of allocation); *Rodriguez v. Alfi, Inc.*, No. 21-24232-CV, 2024 WL 1087838, at *1 (S.D. Fla. Mar. 11, 2024) (approving plan of allocation by separate order); *Burnett v. Nat'l Ass'n of Realtors*, No. 4:19-CV-00332-SRB, 2024 WL 2842222, at *7–9 (W.D. Mo. May 9, 2024) (analyzing same question and collecting cases, granting final approval of settlement, and ordering creation of allocation plan after final approval of settlement); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1275 (9th Cir. 1992) (affirming final approval of class action settlement entered one year prior to final approval of plan of allocation); *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 641 (5th Cir. 2012) (where settlement terms made approval of settlement terms separate from determination of distribution plan "[a] change in the plan . . . gives no reason to reject the settlement"); *In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 170 (2d Cir. 1987) (approval of

settlement fund can be granted prior to adoption of a distribution scheme "so long as the distribution scheme does not affect the obligations of the defendants under the settlement agreement" and to require otherwise "would immensely complicate settlement negotiations and might so overburden the parties and the district court as to prevent either task from being accomplished.").

Still, though, claimants are entitled to notice of this Plan of Allocation and an opportunity to object to it. *See, e.g.*, *Carpenters*, 587 F. Supp. 2d at 1275 (granting final approval of allocation plan where "due and adequate notice" was sent including notice of recipients' "right to object thereto"); *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, No. 2:10-CV-02847-KOB, 2015 WL 5626412, at *1 (N.D. Ala. Sept. 14, 2015) (same). Plaintiffs therefore respectfully request that the Court preliminarily approve the Plan of Allocation attached hereto as Exhibit A. Plaintiffs further suggest that this Court follow the example set by Judge Bough in the Gibson settlements and order as follows:

- That the Plan of Allocation submitted by Plaintiffs is preliminarily approved.

- Within ten (10) days of the Court's entry of the attached Proposed Order, Plaintiffs will post the Plan of Allocation to the dedicated settlement website established by the settlement administrator (www.NationwideRealEstateCommissionSettlement.com).

3

- The settlement administrator will provide notice to all those Settlement Class Members who have submitted claims explaining the plan of allocation. This notice will be delivered to each claimant using the email address provided in the claim submitted. If the claimant did not provide an email address, the notice will be delivered to the claimant via U.S. Mail.

- The notice of the plan of allocation will explain that the settlement fund will be allocated on a pro rata basis with each claimant's share based on the amount of buyer's broker's commission the claimant paid as a percentage of the total buyer's brokers' commissions paid by all claimants.

- The notice also will explain that each claimant has sixty (60) days from the date of delivery of the notice to alert the settlement administrator of any objection to the plan of allocation or of any intention to opt out of the class because of the plan of allocation.

- At the Court's convenience, following the expiration of the sixty (60) day notice period, the Court shall hold a hearing to consider any objections to the plan of allocation. Any objecting claimant must appear, either in person or through counsel, at that hearing to voice the claimant's objection. Failure of the claimant or his or her counsel to appear will waive the objection. The notice delivered to each claimant will apprise the claimant of this requirement.

- If there are no objections, the Court may dispense with the hearing and approve the plan of allocation.

- Upon final approval of the Plan of Allocation and the resolution of any appeals of the final approval of the settlements, the settlement administrator will disburse the settlement funds to each claimant based on the Plan of Allocation.

Dated: November 10, 2025                    Respectfully submitted,

By: */s/Jonathan M. Palmer*
Bryan M. Knight (GA Bar No. 142401)
Jonathan M. Palmer (GA Bar No. 453452)
Nicholas Sears (GA Bar No. 491480)
W. Lawton Jordan (GA Bar No. 119651)
KNIGHT PALMER, LLC
1360 Peachtree Street, Suite 1201
Atlanta, GA 30309
(404) 228-4822
*bknight@knightpalmerlaw.com*
*jpalmer@knightpalmerlaw.com*
*nsears@knightpalmerlaw.com*
*ljordan@knightpalmerlaw.com*

By: */s/ Nathan D. Chapman*
Nathan D. Chapman (GA Bar No. 244954)
Gary E. Thomas (GA Bar No. 804760)
KABAT, CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, GA 30363
(404) 400-7300
*nchapman@kcozlaw.com*
*gthomas@kcozlaw.com*

***Counsel for Plaintiffs 1925 Hooper LLC,
Robert J. Arko, and Andrew M. Moore***

## LOCAL RULE 5.1(c) CERTIFICATION

The undersigned attorney of record hereby certifies that the text of this submission has been prepared in Times New Roman typeface, 14-point, consistent with this Court's requirements in Local Rule 5.1(c).

DATED:	November 10, 2025		*/s/ Nathan D. Chapman*
					Nathan D. Chapman

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on November 10, 2025, a true and correct copy of the foregoing was filed electronically by the Court's CM/ECF system, which will cause notice and a copy of this filing to be sent to all counsel of record by electronic mail.

DATED:	November 10, 2025		*/s/ Nathan D. Chapman*
					Nathan D. Chapman