IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 1925 HOOPER LLC; ROBERT J. ARKO; and ANDREW M. MOORE; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REAL TORS; et al.,<br><br>Defendants. | Case No. 1:23-cv-05392-MHC |

### OBJECTOR JAMES MULLIS'S RESPONSE REGARDING PLAINTIFFS' PROPOSED ORDER

Pursuant to this Court's October 28, 2025 order, Objector James Mullis files this response to Plaintiffs' motion and requests that this Court enter his proposed order approving the class settlements in this case. Mullis has attached his proposed order to this brief as Exhibit 1 ("Mullis Order"). In addition to this clean version of the proposed order, Mullis has also attached as Exhibit 2 a redlined version that tracks the differences between the Mullis Order and Plaintiffs' Order submitted on November 10, 2025 ("Plaintiffs' Order"), ECF No. 233-1.

The Mullis Order largely follows Plaintiffs' Order. *See* ECF No. 233-1. Like Plaintiffs' proposal, the Mullis Order contemplates this Court granting approval of the settlement. But consistent with his objection, Mullis edited portions of Plaintiffs' Order to reflect his objection that under controlling Georgia law the releases on their own terms do not encompass class members' homebuying claims. *See* Mullis Objection, ECF No. 195 at 6-7. To clarify, Mullis advanced additional arguments in his objection, and his submission of this proposed order should

1

not be construed as his waiving or forfeiting those other arguments should this Court not adopt the interpretation of the releases that Mullis advances in his proposed order and objection.

This Court's adoption of the proper interpretation of the releases in the Mullis Order would not preclude final approval of the settlements. In their written response, the settling Plaintiffs never addressed Mullis's primary objection concerning the proper interpretation of the contracts under Georgia law. *See* ECF No. 218 at 12-16. Plaintiffs' response to Mullis's objection and Plaintiffs' Order instead imply that the releases *included* homebuying claims by incorporating the "identical factual predicate" doctrine. *Id.* But their understanding of that doctrine is inconsistent with the "transaction test" adopted by the Eleventh Circuit, as the Mullis Order explains. Ex. 1 at 23-30. For their part, Settling Defendants never addressed Mullis's objection in writing and argued at the fairness hearing only that they sought "the broadest relief under the law we can get." Tr. of Oct. 28, 2025 Hearing at 107:23-24. This position is wholly consistent with the Mullis Order's interpretation of the releases, which provides the broadest reading of the releases allowable under Georgia and Eleventh Circuit law.

As set forth in Mullis's objection, stretching the releases beyond their terms to include homebuying claims renders the settlements unenforceable and inequitable under Rule 23. *See* Mullis Objection, ECF No. 195 at 7-10. Rule 23(e)(2)(D) requires class action settlements like these to "treat class members equitably relative to each other." Under Plaintiffs' Order, the majority of class members who have both homebuying and homeselling claims will have their homebuying claims extinguished to the benefit of the minority of class members with only homeselling claims. Moreover, these homebuying claims constitute separate injuries from separate homebuying transactions that are being prosecuted in separate litigation by separate counsel. Plaintiffs' counsel here have never purported to represent homebuying claims.

For these reasons, Mullis requests this Court enter his proposed order (Ex. 1) approving the settlements in this case. Should the Court enter Plaintiffs' Order, Mullis requests that the Court appoint the undersigned counsel as allocation counsel to ensure homebuying claims are adequately represented and compensated. Counsel for Mullis are prepared to submit an alternative order to that effect should the Court desire.

Dated: November 20, 2025            /s/ *Randall P. Ewing, Jr.*
                                    Randall P. Ewing, Jr.
                                    George A. Zelcs
                                    Ryan Z. Cortazar
                                    **KOREIN TILLERY, LLC**
                                    205 North Michigan Avenue, Suite 1950
                                    Chicago, IL 60601
                                    Telephone: 312-641-9750
                                    Facsimile: 312-641-9751
                                    gzelcs@koreintillery.com
                                    rewing@koreintillery.com
                                    rcortazar@koreintillery.com

                                    Steven M. Berezney (MO Bar #56091)
                                    Michael E. Klenov
                                    Carol O'Keefe
                                    **KOREIN TILLERY LLC**
                                    505 N. 7th Street, Suite 3600
                                    St. Louis, MO 63101
                                    Telephone: (314) 241-4844
                                    sberezney@koreintillery.com
                                    mklenov@koreintillery.com
                                    cokeefe@koreintillery.com

                                    Vincent Briganti
                                    Margaret MacLean
                                    Noelle Forde
                                    **LOWEY DANNENBERG, P.C.**
                                    44 South Broadway, Suite 1100
                                    White Plains, NY 10601
                                    Telephone: (914) 997-0500
                                    Facsimile: (914) 997-0035
                                    vbriganti@lowey.com
                                    mmclean@lowey.com
                                    nforde@lowey.com

                                    *Attorneys for James Mullis*